UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **CHRISTINE SAMANTHA NERI,** *Plaintiff,* | § § § |
| VS. | § § CIVIL ACTION NO.: _____ |
| **CITY OF SAN BENITO, TEXAS,** and **OFFICER RENDELL STANSBURY** *Defendants.* | § § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, **CHRISTINE SAMANTHA NERI,** ("Neri"), and files this her Original Complaint against Defendants, City of San Benito, Texas, ("Defendant San Benito") and Officer Rendell Stansbury ("Defendant Stansbury"), and in support alleges as follows:

### I. INTRODUCTION

1. Defendant San Benito's official policies, practices and customs and the Defendant Stansbury's errors, and omissions and deliberate indifference deprived Plaintiff of her clearly established constitutional federal right to personal safety and security, in contravention to the Fourth Amendment.

### II. PARTIES

2. Plaintiff, Christine Samantha Neri, is a resident of Cameron County, Texas.

3. Defendant, City of San Benito, Texas is a municipal corporation duly organized under the laws of the State of Texas, located in Cameron County, Texas. Defendant may be served by serving the San Benito Interim City Manager and City Secretary, Ruth McGinnis at 401 N. Sam Houston Blvd., San Benito, Texas 78586. ***Service is requested at this time***.

4.  Defendant Officer Randall Stansbury. is an individual residing in Cameron County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant Stansbury while he was acting under color of state law, and each act and omission was committed pursuant to Officer Stansbury's employment and authority as a police officer with the City of San Benito Police Department. Defendant may be served at 2135 Lincoln St., Brownsville, Texas, 78521, or wherever he may be found. ***Service is requested at this time***.

### III. JURISDICTION AND VENUE

5.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1334 and all other applicable laws.

6.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because said claims arise from the same case or controversy as Plaintiff's §1983 claims, which is within this Court's original jurisdiction under Article III of the United States Constitution.

7.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 and all other applicable laws.

### IV. FACTS

8.  Plaintiff was a trained and licensed police canine trainer and handler. Along with her father, Plaintiff operated a business which trained police officers and their canine partners in the tactics and procedures required for proper law enforcement handing.

9.  The canine at issue, "Greg" in this matter was recently brought down from Chicago, Illinois after having bitten a relative of its handler there. Unlike sniffer dogs – who are trained to identify and locate contraband, such as narcotics – "Greg" is a patrol dog, who are trained to be

more aggressive. Nonetheless, the subject canine's temperament and history was well known to all parties and was not a concern on the date in question.[1]

10. As part of the canine's placement with the San Benito Police Department, Defendant Stansbury was trained by Plaintiff and her father in the necessary policies and procedures in handling the canine in all situations and scenarios. This training included instruction as to how to properly handle the canine when in a public setting. Such training specified that while in a public setting, the canine was to be kept on a short leash by its handler, as well as muzzled, in order to ensure its safety and the safety of others.

11. Approximately one week into training, the K9 developed a limp on its paw and an amputation of part of the paw was necessary. On or about August 5, 2022, Defendant Stansbury, during the course and scope of his employment with Defendant San Benito, transported his police canine in his police unit to the Pet Care Veterinary Clinic on 416 N. Ed Carey Drive in Harlingen, Texas, for a follow-up on the previous medical procedure. As part of this follow-up appointment, Plaintiff met Officer Stansbury and the canine at the veterinary clinic.

12. Upon their arrival at the veterinary clinic, Defendant Stansbury proceeded to get the canine out of his unit. Once out, Defendant Stansbury, did not follow proper handling procedures and protocols, as he did not have the canine on a short leash, nor was the canine muzzled. Upon seeing this, Plaintiff approached the canine in order to place a muzzle on it, prior to proceeding any further in public. As she got closer to the canine in order to place the muzzle on it, Plaintiff could smell an odor emanating from the canine's ear, which would be indicative of a possible ear infection. As Plaintiff got closer to the canine to investigate further, the canine immediately lunged at her, "attacking her face," as Defendant Stansbury noted in his incident

---

[1] In fact, prior to the subject incident, the canine, as part of its training, lived with Plaintiff and her father for a period of time without incident.

report. The injuries sustained by Plaintiff as a result of this attack caused significant and immediate damage to the right side of her face, which included severe disfigurement, as a piece of Plaintiff's right ear was bitten off as a result of the canine's attack.

13. Plaintiff's injuries were a direct result of Defendant Stansbury's acts, errors and/or omissions, and, specifically, failure to follow proper canine handling policies and procedures, despite having received extensive training on them. Defendant Stansbury, failed to properly secure the canine and utilized a six-foot leash with excess slack, rather than a two-foot leash, which is the required leash to be used when in a public setting. Moreover, Defendant Stansbury failed to have the canine muzzled while at the veterinary clinic. Given these failures, the canine was then able to lunge and attack Plaintiff. As both Defendant Stansbury, and the canine, "Greg", were on duty and under the course and scope of their employment for the San Benito Police Department, Defendant San Benito is directly liable for negligently supervising its employees/agents/representatives, and is also vicariously liable for their acts, errors and/or omissions.

14. As a result of Defendants' actions, Plaintiff suffered severe pain, mental anguish, and sought medical treatment.

### V.  42 U.S.C. §1983 Claims

**A.     Liability of Defendant Stansbury**

15. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

16. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

17. The aforementioned actions of Defendant Stansbury shocks the conscience in that he acted with deliberate indifference and/or reckless disregard in one or more of the following respects:

   a. Defendant Stansbury failed to follow proper canine handling policies and procedures, despite having received extensive training on them.

   b. Defendant Stansbury failed to properly secure the canine and utilized a six-foot leash with excess slack, rather than a two-foot leash, which is the required leash to be used when in a public setting.

   c. Moreover, Defendant Stansbury failed to have the canine muzzled while at the veterinary clinic.

18. Given the above listed failures, the canine was then able to lunge and attack Plaintiff.

19. Defendant Stansbury acted with knowledge of the impending harm, which he consciously refused to prevent.

20. Defendant Stansbury then and there acted with knowledge that the risk of serious bodily harm was significant, but consciously refused to prevent it.

21. The risk resulting from Defendant's actions was obvious and/or known.

22. Defendant Stansbury had sufficient knowledge from which one can infer he intended to inflict the resultant injury.

23. Defendant Stansbury's conduct placed the Plaintiff at risk of serious, immediate, and proximate harm.

24. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff sustained injuries and damages.

25. Defendant thus violated the substantive due process rights of Plaintiff to secure in her bodily integrity.

26. The conduct of Defendant entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C.A. § 1983 and Texas law.

27. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C.A. § 1988 and applicable Texas codes and law.

**B.     Defendant City of San Benito – §1983 *Monell Claim* – Failure to Supervise**

28. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

29. Prior to August 5, 2022, the City of San Benito, had in effect policies, practices, or customs that perpetuated and fostered the unconstitutional conduct of Defendant Stansbury.

30. Prior to August 5, 2022, Defendant San Benito, failed to properly supervise its agents, employees and officers, including but not limited to Defendant Stansbury, regarding his ability to follow and adhere to the necessary and required protocols to be followed while handling a canine in public.

31. Defendant San Benito, contracted for, and provided Defendant Stansbury with the necessary training and education for handling a canine in public. However, Defendant San Benito failed to ensure that Defendant Stansbury adhered and followed those necessary polices and procedures.

32. Defendant San Benito, knew or should have known that their failure to ensure that Stansbury adhered to these necessary policies and procedures was likely to cause constitutional injuries to civilians, and, ultimately did so, given the injuries sustained by Plaintiff.

33. As such, Defendant San Benito was deliberately indifferent and reckless with respect to the obvious consequences of its failure to supervise its officers adequately, including the potential violations of constitutional rights of the public, such as Plaintiff.

34. The failure to supervise constituted an official policy of Defendant San Benito, Texas.

35. The aforementioned Defendant San Benito's policy was the moving force behind the actions Defendant Stansbury, resulting in Plaintiff's injuries.

36. As a further direct and proximate result of the acts and omissions of Defendant San Benito, Plaintiff has suffered damages as result of the violation of state and federal constitutional rights and incurred and will continue to incur attorneys' fees.

## VI.  TEXAS TORT CLAIMS ACT

37. Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

38. In that alternative, this claim is brought under the Texas Tort Claims Act (TTCA), Texas Civil Practice & Remedies Code Chapter 101. The TTCA waives Defendant San Benito's immunity for claims involving personal injury caused by the negligence of the defendant's employee in the sue or condition of personal property, if the employee would be personally liable to the plaintiff under Texas law. Tex. Civ. Prac. & Rem. Code §101.021(2).

39. Defendant San Benito, had actual notice of Plaintiff's claim, and written notice was not required. All statutory prerequisites to Plaintiff's claim for relief have been met.

40. Defendant San Benito is a governmental unit that employed Defendant Stansbury.

41. At the time of Plaintiff's injury, Defendant San Benito's employee was Officer Stansbury which was in the course and scope of employment.

42. The employee negligently secured and handled canine officer "Greg", in direct contravention of the necessary policies and procedures.

43. The employee's negligence was the result of the employee's use of the dog in question, an item of tangible personal property.

44. The employee would be personally liable to Plaintiff under Texas law.

45. The employee's use of personal property proximately caused the personal injury of Plaintiff, which resulted in the following damages:

### VII.  DAMAGES

44. The actions of Defendants, jointly and severally, deprived Plaintiff of her civil rights under the United States Constitution, various federal statutes and Texas common law. As a direct and proximate result of Defendants' actions, Plaintiff suffered great distress, pain, anguish, fear, suffering, and monetary damages for which she is entitled to compensatory and actual damages.

### VIII.  JURY DEMAND

45. Demand is hereby made for a jury to decide all fact issues in this case, and Plaintiff has tendered the jury fee.

### IX. CAPACITY/CONDITIONS PRECEDENT

46. Plaintiff brings claims against Defendants in all capacities in which they are liable. All conditions precedent necessary to bring this suit have occurred or have been performed.

### X. ATTORNEY FEES

47. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

### XI. PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer, and that upon trial, Plaintiff has and recovers from Defendants the following:

A. Award compensatory, actual, and punitive damages to Plaintiff and against the Defendants, jointly and severally, as applicable;

B. Award and allow Plaintiff costs and attorney's fees pursuant to The Civil Rights Attorneys' Fees Awards Act of 1976;

C. Award pre-judgment and post-judgment interest at the highest rate allowable under the law; and

D. Award and grant such other just relief as the Court deems proper.

Respectfully submitted,

**MARTINEZ & TIJERINA P.L.L.C**
1201 E. Van Buren
Brownsville, Texas 78520
Ph. (956) 550-4868
Fax (956) 621-0135

/s/ Tomas F. Tijerina
Tomas F. Tijerina
Federal ID No. 1062166
State Bar No. 24070746
ttijerina@mbmtlawfirm.com
Benigno (Trey) Martinez
Federal ID No. 23945
State Bar No. 00797011
trey@mbmtlawfirm.com

**AND**

**LAW OFFICE OF ROBERT GUERRA, PLLC**
1201 E. Van Buren St.,
Brownsville, Texas 78520
Ph. (956) 254-0694
Robert Guerra
Federal ID No. 570991
State Bar No. 24036694
rguerra@rguerralaw.com
**ATTORNEYS FOR PLAINTIFF**